**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, 709 N FM 1187 Suite 800-60, Aledo, TX 76008 | Case No. |
| | **CLASS ACTION** |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| *v.* | |
| CLEARONE ADVANTAGE LLC, 1501 South Clinton Street, Suite 320, Baltimore MD 21224 | |
| *Defendant.* | |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Kelly Bland ("Plaintiff" or "Bland") brings this Class Action Complaint and Demand for Jury Trial against Defendant ClearOne Advantage LLC ("Defendant") and alleges as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

1

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.     The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that the Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), as well as calling people who had previously asked to no longer receive calls.

**PARTIES**

4.     Plaintiff Kelly Bland is an individual.

5.     Defendant ClearOne Advantage LLC, is a Maryland corporation that specializes in offering consumer debt relief services.

2

## JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.    The Court has general personal jurisdiction over Defendant because it is a resident of this District.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant "resides" in this judicial District.

## BACKGROUND

**A.    The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.    The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.**      **The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

13.     The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15.     The regulations also require any caller identification information to "include either CPN or ANI" and "permit any individual to make a do-not-call request during regular business hours." *Id.*

16.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

17.     The Eastern District of Pennsylvania recently confirmed that there is a private right of action for violations of this provision. *Newell v. JR Cap., LLC*, No. CV 25-1419, 2025 WL 2004706, at *1 (E.D. Pa. July 16, 2025).

**C.  The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

18.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

19.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

20.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

21.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

22.     Specifically, these regulations require a company to keep a written policy, available "upon demand," for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

23.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

24.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25.     At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue.

26.     Plaintiff's telephone number, (817) XXX-XXXX, is a residential, non-commercial telephone number.

27.     Plaintiff uses the number for personal, residential, and household reasons.

28.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

29.     Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

30.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since she registered it there over a year prior to the calls at issue.

31.     Plaintiff has never been a customer of ClearOne.

32.     Despite that fact, the Plaintiff received at least four calls from ClearOne.

33.     The first call occurred on April 11, 2022 and came from the caller ID 615-352-0981 from an individual who claimed to be called from the fictitiously named "Credit Associates" calling to solicit the Plaintiff for debt relief services.

34.     The second call occurred on April 13, 2022 and came from the caller ID 707-371-6915. The caller was also claiming to be calling from the illegally and fictitiously named "Credit Associates" calling to solicit the Plaintiff for debt relief services. The Plaintiff stated that she was not interested and to stop calling.

35.     Thereafter, on April 19, 2022, the Plaintiff received yet another call from 727-408-0261. The Plaintiff again stated that she was not interested.

36.    Then, on June 9, 2022, the Plaintiff received a call from 512-886-5187. The caller again stated they were calling from "Credit Associates" calling to solicit the Plaintiff for debt relief services.

37.    During the call, the Plaintiff spoke with an individual who stated that her name was "Laura O'Rourke" with the Defendant ClearOne, who further sold the Plaintiff on ClearOne's debt relief services.

38.    Thereafter, the Plaintiff received a call the following day, on June 10, 2026, from Ms. O'Rourke personally, who stated that she briefly spoke with the Plaintiff yesterday and was following up to see if she was looking to get more information on debt relief.

39.    The voicemail also provided a direct line of 844-679-8817. When this number is called, the caller is greeted with an automated message stating "Thank you for calling ClearOne Advantage. Please wait while we locate your agent."

40.    All calls were thus made to sell and attempted to sell the Plaintiff ClearOne's debt relief services.

41.    Upon information and belief, Defendant ClearOne uses aliases like "Credit Associates" at the outset of illegal calls so as to conceal its true identity and avoid ill will for its brand.

42.    The purpose of the Defendant's calls was to sell the Plaintiff ClearOne's debt relief services.

43.    The calls all came from the following numbers, which transmitted the caller ID, in the form of both CPN and ANI, as "spoofed" or possibly "spoofed" numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the

Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | NAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 615-352-0981 | | J ALEXANDER'S | Bandwidth |
| 707-371-6915 | | WILLITS CA | Bandwidth |
| 727-408-0261 | | CZAR SANDERS | Verizon |
| 512-886-5187 | | SMITHVILLE TX | IP Horizon |

44.    As the aforementioned chart shows, the CNAMs transmitted by the telephone carriers, provided inaccurate CNAM functionality, which did not transmit the caller's name.

45.    Indeed, the Defendant appears to have spoofed the numbers, as will be revealed through discovery, to further hide its identity.

46.    With respect to each of the numbers listed above, none of the numbers permit a caller to call the number and lodge a do not call request during regular business hours, because the Plaintiff was supposed to be on the Defendant's internal Do Not Call list, in addition to the calls being spoofed in some cases.

47.     In fact, for example, the 615-352-0981 telephone number goes to a J. Alexander's Restaurant, not Defendant.

48.     The 727-408-0261 telephone number goes to an innocent third party's individual iPhone.

49.     The calls were unwanted.

50.     The calls were nonconsensual encounters.

51.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

52.     Plaintiff never provided her consent or requested the calls.

53.     Plaintiff and the Classes have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

55.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of ClearOne's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United

States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

56.   **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

57.   **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

58.   **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

59.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate

10

over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.    Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.    whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

c.    Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

d.    Whether Defendant honored internal do not call requests; and

e.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

60.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members in each class, such that joinder of all members is impracticable.

61.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

11

a.      The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.      Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.      Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

62.      Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63.      It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

64.      Defendant, or any of its affiliates, agents, or other persons or entities acting on Defendant's behalf or involved in the conduct at issue, as may be further uncovered or developed through discovery, violated the TCPA by causing multiple telephone solicitation calls to be

12

initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

65.    These violations were willful or knowing.

66.    As a result of Defendant's, or any possible other affiliates, agents, or other persons or entities acting on Defendant's behalf, as discovery may reveal, violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

67.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

### COUNT II
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

68.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

69.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

70.    It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

71.    Defendant, and any possible other affiliates, agents, or other persons or entities acting on Defendant's behalf, as discovery may reveal, violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class

in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

72. These violations were willful or knowing.

73. As a result of Defendant's, or any possible other affiliates, agents, or other persons or entities acting on Defendant's behalf, as discovery may reveal, violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

74. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and**
**the Internal Do Not Call Registry Class)**

75. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

76. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

77. Defendant's violations were negligent, willful, or knowing.

78. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

14

members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendant for:

A.    Certification of the Classes as alleged herein;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned as counsel for the Classes;

D.    Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E.    Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, while failing to transmit the caller ID information required by law, and to numbers who previously requested not to be called;

F.    Attorneys' fees and costs, as permitted by law; and

G.    Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 8th day of April, 2026.

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ John McGowan*
John McGowan, Bar Id. 1306190201
KINNER & MCGOWAN, PLLC
413 East Capital St. SE
Washington, DC 20003
(202) 846-7148 Ext. 102
jmcgowan@kinnermcgowan.com

15

/s/ Andrew Roman Perrong
Andrew Roman Perrong, *Subject to Pro Hac Vice*
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com
215-225-5529

16