**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

KELLY BLAND, individually and on
behalf of all other similarly situated,

            Plaintiff,                          Case No.: 1:26-cv-01375-MJM

     v.

CLEARONE ADVANTAGE LLC,

            Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Defendant ClearOne Advantage LLC ("ClearOne") through undersigned counsel and pursuant to Fed. R. Civ. P. 7(b) and 12(b), et seq. and District of Maryland Local Rule 105(1), moves to dismiss the claims in Plaintiff Kelly Bland's ("Bland") Class Action Complaint for failure to state a claim upon which relief can be granted.

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

Plaintiff Bland, a prolific Telephone Consumer Protection Act ("TCPA") litigant, who has filed at least 59 TCPA actions throughout the district courts, brings this proposed class action lawsuit against Defendant ClearOne alleging that ClearOne violated the TCPA by placing at least four calls to her telephone number. D.E. 1, Compl.  Plaintiff's bare-boned allegations stem from four phone calls initiated by "Credit Associates" callers who Plaintiff fails to connect to Defendant ClearOne. *Id.* ¶¶ 33-36. Because Plaintiff was transferred on one call to a representative of ClearOne, Plaintiff seeks improperly to extend claims and liability to Defendant ClearOne for all the "Credit Associates" calls. *Id.* ¶¶ 56, 76. However, Defendant ClearOne affirmatively states that

any of the alleged calls initiated by the "Credit Associates" callers were not initiated or made by ClearOne. And notably, Plaintiff has alleged in a different TCPA lawsuit that another company, Consumer Credit Counseling Foundation, Inc., used "Credit Associates" as its "name" when making allegedly violative calls in 2022. *See Pinn v. Consumer Credit Counseling Foundation, Inc. et al.*, Case No. 4:22-cv-04048-DMR (N.D. Cal. July 11, 2022) (D.E. 1 ¶ 30). Therefore, Plaintiff fails to establish Defendant ClearOne's direct and vicarious liability under the TCPA for the calls made by "Credit Associates" callers.

As for any calls allegedly made by Defendant Clear One itself, ClearOne has a recording of a call initiated by the Plaintiff where Plaintiff consents and invites ClearOne to call her back and provides her identifying information. Therefore, Plaintiff fails to establish any violative calls by Defendant ClearOne under the TCPA, and her claims must be dismissed with prejudice for failing to state a claim.

## II.    BACKGROUND

Plaintiff alleges only in a conclusory statement that she received "at least four calls from ClearOne." Compl. ¶ 32. However, the Complaint lacks sufficient factual allegations to tie many of these calls to ClearOne. Plaintiff allegedly received a call on April 11, 2022, from the caller ID (615) 352-0981. *Id.* ¶ 33. On that call, Plaintiff alleges she spoke with a person "who claimed" to be calling "from the fictitiously named 'Credit Associates. . . .'" *Id.* Besides alleging that the calls was about "debt relief services," Plaintiff fails to establish any connection between this "Credit Associates" caller and Defendant ClearOne. *Id.* Plaintiff does not elaborate on the contents of the conversation between her and the "Credit Associates" caller or whose debt relief services the "Credit Associates" caller was offering. *See id.* Plaintiff does not even allege how the call ended or if she had asked for the "Credit Associates" caller to not call her again. *See id.* Defendant

ClearOne's Director of Program Management, Gina Stordahl, in her Declaration, establishes that ClearOne does not use caller ID (615) 352-0981 and did not place this call to Plaintiff. Stordahl Dec. ¶¶ 5-6.

Then, two days later, on April 13, 2022, Plaintiff alleges she received a call from caller ID (707) 371-6915. Compl. ¶ 34. On the April 13th call, Plaintiff alleges she spoke with a person "who claimed to be calling from the illegally and fictitiously named 'Credit Associates. . . .'" *Id.* Besides alleging that the calls was about "debt relief services" and that she told the "Credit Associates" caller that "she was not interested and to stop calling," Plaintiff fails to establish any connection between this "Credit Associates" caller and Defendant ClearOne. *See id.* Plaintiff does not allege if Defendant ClearOne's services were offered to Plaintiff or that the "Credit Associates" caller stated he or she was calling on behalf of Defendant ClearOne. *See id.* Ms. Stordahl, in her Declaration, establishes that ClearOne does not use caller ID (707) 371-6915 and did not place this call to Plaintiff. Stordahl Dec. ¶¶ 5-6.

Then, a week later, on April 19, 2022, Plaintiff alleges she received a call from caller ID (727) 408-0261. *Id.* ¶ 35. Plaintiff fails to allege who the caller was or what business they were calling from besides alleging she "stated that she was not interested." *See id.* Plaintiff fails to allege what was discussed with the caller besides that she stated she "was not interested." *See id.* There are no allegations that this phone call was related or even remotely connected to Defendant ClearOne. *See id.* Ms. Stordahl, in her Declaration, establishes that ClearOne does not use caller ID (727) 408-0261 and did not place this call to Plaintiff. Stordahl Dec. ¶¶ 5-6.

Almost two months later, on June 9, 2022, Plaintiff alleges she received a call from caller ID (512) 886-5187. Compl. ¶ 36. On this call, Plaintiff claims to have spoken to a "Credit Associates" caller "to solicit the Plaintiff for debt relief services." *Id.* The next paragraph jumps to

3

the allegation that "[d]uring the call, the Plaintiff spoke with an individual who stated that her name is 'Laura O'Rourke' with Defendant ClearOne, who further sold the Plaintiff on ClearOne's debt relief services." *Id.* ¶ 37.

Ms. Stordahl, in her Declaration, establishes that ClearOne did not initiate this June 9, 2022 call to Plaintiff. Stordahl Dec. ¶¶ 7-8. In fact, Defendant ClearOne has an audio recording of an incoming call from Plaintiff Bland. *Id.* ¶¶ 9-10. ClearOne received a call from caller ID (512) 886-5187, and Laura O'Rourke answered the phone call, stating her name and that she works for ClearOne, and asking how she can help the caller, Plaintiff Bland. *Id.* ¶ 11.

Plaintiff told Ms. O'Rourke that Plaintiff was transferred to Ms. O'Rourke about debt relief. Ms. O'Rourke asked whether Plaintiff had already filled out a request online or if she knew who had transferred Plaintiff over to her. *Id.* Plaintiff responded with no and asked Ms. O'Rourke to take down Plaintiff's number to call her back because she was about to enter an elevator. *Id.* ¶ 11. Following Plaintiff's express request for a call back, Ms. O'Rourke asked Plaintiff for her first and last name, her callback number, and the state she lives in. *Id.* ¶ 12. Plaintiff provided her first name "Kelly," last name "Pinn," her callback number (817) 903-XXXX[1], and the state she lives in as "Texas." *Id.* ¶¶ 12-13. After receiving her consent to call her back, Ms. O'Rourke stated that she would call Plaintiff back in a minute and that the call would be from a Maryland number. *Id.* ¶ 14. Upon Plaintiff's request, Ms. O'Rourke called Plaintiff back on June 9, 2022 and June 10, 2022, following up on the last call with Plaintiff. *Id.* ¶ 14; Compl. ¶ 38. Defendant ClearOne had the express consent of Plaintiff to initiate a call and Defendant ClearOne relied on this consent to call Plaintiff back. Stordahl Dec. ¶ 16.

---

[1] To preserve Plaintiff's privacy, the last four digits of Plaintiff's phone number are replaced with "X"s.

4

### III.   LEGAL STANDARD

Plaintiff bears the burden of establishing claims for which relief can be sought under Rule 12(b)(6). Plaintiff must "do more than 'plead[ ] facts that are merely consistent with a defendant's liability;['] the facts pled must 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hossfeld v. Gov't Employees Ins. Co.*, 88 F. Supp. 3d 504, 509 (D. Md. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

When analyzing a complaint, courts do not need to accept "unsupported legal conclusions." *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 977 (D. Md. 2019) ("Legal conclusions couched as factual allegations are insufficient, . . . as are conclusory factual allegations devoid of any reference to actual events."); *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining a complaint is inadequate "if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotations omitted). Plaintiff's Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must allege facts sufficient to raise his right to relief under the TCPA "above the speculative level." *Id.*

### IV.   ARGUMENT

Plaintiff's Complaint has two fatal flaws preventing her from proceeding under the TCPA against ClearOne: (1) there are no allegations to support that Defendant ClearOne made any of the alleged violative calls by "Credit Associates" callers to Plaintiff; and (2) Defendant ClearOne has evidence of Plaintiff's consent to receive any calls from ClearOne.

**A.    Plaintiff Fails to Allege and Establish ClearOne's Direct Liability for the Alleged Violative Calls by the "Credit Associates" Agents.**

For Plaintiff to state a claim for relief for direct liability under the TCPA, Plaintiff must allege and establish Defendant ClearOne initiated the alleged telemarketing calls. *Hossfeld v. Gov't Employees Ins. Co.*, 88 F. Supp. 3d 504, 510 (D. Md. 2015); *In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6582-83 ¶¶ 24-27 (2013) (explaining there is a "clear distinction between a call that is made by a seller and a call that is made by a telemarketer on the seller's behalf.").

Plaintiff's allegations first state that she received three calls from April 11, 2022 to April 19, 2022, and she allegedly spoke with "Credit Associates" agents, not Defendant ClearOne agents. Compl. ¶¶ 33-35. Besides alleging that the calls were about "debt relief services," Plaintiff fails to establish any connection between the "Credit Associates" caller and Defendant ClearOne. *Id.* Plaintiff does not elaborate on the contents of the conversation between her and the "Credit Associates" caller or whose debt relief services the "Credit Associates" caller was offering. *See id.* Therefore, Plaintiff fails to allege and establish that (1) these three calls he received were from Defendant ClearOne's phone numbers, (2) the caller ID belonged to ClearOne, and (3) the agents identified themselves as employees of ClearOne.

Additionally, to combat Plaintiff's bare-bones conclusory allegations, ClearOne's Director of Program Management, Gina Stordahl, in her Declaration, establishes that ClearOne does not use the caller IDs used for those three calls (caller IDs 615- 352-0981, 707-371-6915, 727-408-0261) and did not place these three calls to Plaintiff. Stordahl Dec. ¶ 5. Therefore, Plaintiff has not established Defendant ClearOne directly made the four telephone calls from April 11, 2022 to April 19, 2022 to Plaintiff's phone, and therefore cannot proceed under a direct liability theory for those three calls.

Plaintiff also claims that almost two months later, on June 9, 2022, she received a call from caller ID (512) 886-5187, which she claims to be the fourth violative call made by Defendant ClearOne. Compl. ¶ 36. On that call, Plaintiff allegedly spoke to a "Credit Associates" caller who "solicit[ed] the Plaintiff for debt relief services." *Id.* ¶ 36. The next paragraph jumps to the allegation that "[d]uring the call, the Plaintiff spoke with an individual who stated that her name is 'Laura O'Rourke' with Defendant ClearOne, who further sold the Plaintiff on ClearOne's debt relief services." *Id.* ¶ 37.

Ms. Stordahl, in her Declaration, establishes that ClearOne did not initiate this call from caller ID (512) 886-5187 to Plaintiff. Stordahl Dec. ¶¶ 5-6, 8. In fact, Defendant ClearOne has an audio recording of an incoming call from Plaintiff Bland. *Id.* ¶ 10. ClearOne received a call from caller ID (512) 886-5187 on June 9, 2022, and Laura O'Rourke answered the phone call, stating her name and that she works for ClearOne, and asking how she can help the unknown caller. *Id.* ¶ 11. Plaintiff Bland told Ms. O'Rourke that Plaintiff was transferred to Ms. O'Rourke about debt relief services. Ms. O'Rourke asked whether Plaintiff already had filled out a request online or if she knew who had transferred Plaintiff over to her. *Id.* Plaintiff responded with "no" and asked Ms. O'Rourke to take down Plaintiff's number to call her back because she was about to enter an elevator. *Id.*

Following Plaintiff's express request for a call back, Ms. O'Rourke asked Plaintiff for her first and last name, her callback number, and the state she lives in. *Id.* ¶ 11. Plaintiff provided her first name "Kelly," last name "Pinn,[2]" her callback number (817) 903-XXXX, and the state is lives

---

[2] Plaintiff, a notorious prolific TCPA plaintiff, has since changed her name from "Kelly Pinn" to "Kelly Bland." *See Pinn v. Quintessa LLC et al.,* 3:24-CV-3090-B, at pg. 1 fn. 1 (D.E. 42) (N.D. Tex. Aug. 1, 2025). Plaintiff has filed approximately 26 TCPA federal actions under her previous name Kelly Pinn, and Plaintiff has filed approximately 33 TCPA federal actions, including this action, under her amended name Kelly Bland.

in as "Texas." *Id.* At this point, it is evident that Defendant ClearOne did not know who Plaintiff Bland was until she provided her identifying information.

After receiving Plaintiff's consent to call her back, Ms. O'Rourke stated that she would call Plaintiff back in a minute and that the call would be from a Maryland number. *Id.* ¶ 14. Upon Plaintiff's request, Ms. O'Rourke called Plaintiff back on June 9 and 10, 2022, just as requested, following up on the last call with Plaintiff, which Plaintiff claim is the fifth call made by Defendant ClearOne. *Id.* ¶ 15; Compl. ¶ 38. Defendant ClearOne had the express consent of Plaintiff to initiate a call and Defendant ClearOne relied on this consent to call Plaintiff back. Stordahl Dec. ¶ 16.

Based on the Complaint's lack of factual allegations tying ClearOne directly to the four initiated phone calls by "Credit Associates" callers, and ClearOne's Declaration supporting that it did not initiate the four phone calls of the "Credit Associates" callers, Plaintiff fails to establish ClearOne's direct liability for the four calls. See *Nickson v. Advanced Mktg. & Processing, Inc.*, No. CV DLB-22-2203, 2023 WL 4932879, at *4 (D. Md. Aug. 2, 2023) (explaining that conclusory statements that the callers were "[d]efendant's representative[s]" are not sufficient to allege the defendant made the calls); *Worsham v. Direct Energy Servs., LLC*, No. SAG-20-193, 2021 WL 948819, at *3 (D. Md. Mar. 12, 2021) (explaining that conclusory statements that "offer[] nothing but unbridled speculation" as to the caller's identity are not enough).

As for the only call alleged to have been initiated by ClearOne to Plaintiff, Plaintiff gave her express consent for ClearOne to contact Plaintiff and asked for a call back from ClearOne. Stordahl Dec. ¶ 16. Therefore, Plaintiff fails to establish how ClearOne made any violative non-consensual calls to Plaintiff under the TCPA, and this Court must dismiss her Complaint with prejudice.

**B.** **Plaintiff Fails to Allege and Establish ClearOne's Vicarious Liability for the Alleged Violative Calls by the "Credit Associates" Callers.**

Plaintiff did not allege a claim against Defendant ClearOne under the theory of vicarious liability because she claims that all the calls were made by ClearOne directly and that, "upon information and belief," ClearOne "uses aliases like 'Credit Associates'" to "conceal its true identity" and "appears to have spoofed the numbers." Compl. ¶¶ 41, 45.

Even if Plaintiff had alleged a theory of vicarious liability, her theory would fail because she must allege actual authority, apparent authority, or ratification to establish a principal and agent relationship between Defendant ClearOne and the "Credit Associates" callers, and she is unable to meet this burden. *See Hodgin v. UTC Fire & Sec. Americas Corp., Inc.*, 885 F.3d 243, 251-52 (4th Cir. 2018); *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 551 (D. Md. 2022).

First, Plaintiff fails to allege and establish actual authority. The Fourth Circuit applies the common law definition of agency from the Restatement (Third) of Agency, defining it as "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) Agency § 1.01; *see Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 260 (4th Cir. 1997); *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 980 (D. Md. 2019). "In the TCPA context, courts characterize the control necessary to establish agency as whether the principal 'controlled or had the right to control [the agent] and, more specifically, the manner and means of the text message campaign they conducted.'" *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 980 (D. Md. 2019) (quoting *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F.App'x 678 (9th Cir. 2014)).

Here, Plaintiff does not allege facts that support any person Plaintiff had been called by or

spoken to had actual authority to make the alleged phone calls on behalf of Defendant ClearOne. It is evident from Plaintiff's Complaint that Plaintiff jumped to the conclusion that the "Credit Associates" callers are ClearOne and therefore ClearOne placed the calls. However, this assumption and speculation does not withstand the requirements to establish an agency relationship between the "Credit Associates" callers and Defendant ClearOne. Plaintiff's own allegations state that she was called by agents who had identified they were calling from "Credit Associates." Compl.  ¶¶ 33-34, 36. In the Complaint, not once did any "Credit Associates" caller Plaintiff allegedly spoke with state he or she worked for Defendant ClearOne. *Id.* Plaintiff does not allege that ClearOne ever came up in discussion with any of the "Credit Associates" callers.

There are no other details about what type of "debt relief services" the "Credit Associates" callers offered, for what duration, for how long, or for what price. There are no allegations that the "Credit Associates" callers explicitly told Plaintiff that they were solely offering Defendant ClearOne services. There are no allegations that the "Credit Associates" callers told Plaintiff that they were authorized to sell Defendant ClearOne's services. Therefore, apart from speculative and conclusory statements, Plaintiff fails to allege and establish that Defendant ClearOne controlled the conduct of the "Credit Associates" callers she spoke to, or that Defendant ClearOne assented to the "Credit Associates" callers to act on its behalf, or that the "Credit Associates" callers agreed to such assignment of actual authority. See *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 551 (D. Md. 2022) (analyzing whether the allegations in the complaint establish the defendant's "ability to control the third party's telemarketing methods."); *Hossfeld v. Gov't Emples. Ins. Co.*, 88 F. Supp. 3d 504, 507 (D. Md. 2015) (analyzing that the complaint's allegations explained how the defendant and telemarketer have policies for transferred calls and that defendant had control over the telemarketer); *Clemons v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-1050,

2020 WL 4193997, at *4 (C.D. Ill. July 21, 2020) (dismissing TCPA claim for failure to allege facts supporting actual authority) (collecting cases); *Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443 (9th Cir. 2018) (finding telemarketer did not have actual authority to place violative TCPA calls).

Plaintiff also fails to allege and establish apparent authority. Apparent authority "is the power held by an agent . . . to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement § 2.03. Examples of manifestations include a principal's "direct statements to the third person, directions to the agent to tell something to the third person, or the granting of permission to the agent to perform acts and conduct negotiations under circumstances which create in him a reputation of authority. . . ." *Pascal v. Agentra*, LLC, 2019 WL 5212961, at *4 (N.D. Cal. Oct. 16, 2019) (unpublished); *In re Dish Network,* 28 FCC Rcd. at 6592 (looking for evidence that the defendant allows the caller to "access to information and systems that normally would be within the [defendant's] exclusive control. . . .").

Here, there are no allegations that Defendant ClearOne said or did anything to hold out the "Credit Associates" callers as capable of acting on its behalf that Plaintiff then relied on. There are no allegations that the "Credit Associates" callers even mentioned ClearOne or only offered ClearOne's services to Plaintiff. There are no allegations to show that ClearOne acted in any manner to suggest that the "Credit Associates" callers were its agents, or any allegations showing Plaintiff's reasonable reliance that the "Credit Associates" callers were ClearOne's agents. In fact, Ms. Stordahl, in her Declaration, established that ClearOne has a recording of a call initiated by Plaintiff to ClearOne's agent Ms. O'Rourke, where Ms. O'Rourke expressed confusion as to how

11

Plaintiff was transferred over to her and asked Plaintiff whether she knew who had transferred the call. Stordahl Dec. ¶¶ 10-11. When Plaintiff requested Ms. O'Rourke to call her back, providing express consent, Ms. O'Rourke asked for Plaintiff's information, indicating she did not have Plaintiff's information until it was provided. *Id.* ¶¶ 11-12. Therefore, there are no factual allegations or support in the Complaint that Plaintiff could have reasonably believed the "Credit Associates" callers had the authority to act on behalf of ClearOne.

Further, there are no allegations that Plaintiff ever received any warranty offering by mail or email from Defendant ClearOne, that Defendant ClearOne ever relayed any directions to the "Credit Associates" callers that the "Credit Associates" callers were acting upon, and that the "Credit Associates" callers had permission to offer ClearOne's services. Therefore, Plaintiff fails to allege specific facts to support agency liability based on apparent authority. *See, e.g., Nickson,* 2023 WL 4932879, at \*4 (D. Md. Aug. 2, 2023) (explaining that the plaintiff failed to allege factually that anyone he spoke to during these calls stated that they worked for defendant); *DeClements v. RE/MAX LLC*, No. 120CV02075DDDSKC, 2020 WL 9259326, at \*4 (D. Colo. Oct. 13, 2020) (rejecting apparent-authority argument despite caller identifying "himself as calling on behalf of" defendant, because plaintiff did not allege defendant "ever communicated to Plaintiffs or represented that its [purported] agents were acting on [its] behalf"); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-CV-1216, 2018 WL 835222, at \*6 (N.D. Ill. Feb. 13, 2018) (rejecting Plaintiff's argument of the existence of apparent authority when telemarketers "mentioned Defendants' products on their calls and sent [Plaintiff] paperwork featuring Defendants' names").

Finally, Plaintiff fails to establish ratification by Defendant ClearOne. Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent

12

acting with actual authority." Restatement § 4.01. A party "may ratify an act by failing to object to it or to repudiate it," or by "receiving or retaining [the] benefits it generates." *Hodgin v. UTC Fire & Sec. Americas Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018) (citing the Restatement). "However, a party 'is not bound by a ratification made without knowledge of material facts involved in the original act when the [party] was unaware of such lack of knowledge.'" *Id.*

The Complaint lacks any allegations that Defendant ClearOne had accepted a benefit from the alleged calls made by the "Credit Associates" callers. Plaintiff does not claim she completed any sort of agreement or purchase and sale with Defendant ClearOne. The lack of allegations and facts indicates there exists no ratification. Further, Ms. Stordahl, in her Declaration, established that Plaintiff initiated a call with ClearOne where ClearOne's agent Ms. O'Rourke was unaware of whether Plaintiff had already filled out a request online or who had transferred Plaintiff to ClearOne. Stordahl Dec. ¶ 11. Therefore, there was affirmatively no ratification or any benefit that Defendant ClearOne received because it was unaware what Plaintiff was seeking and did not attempt to sell or did sell Plaintiff anything on the call. *See id.*

Additionally, federal courts can look at a Plaintiff's litigation history to determine whether Plaintiff has alleged to received "spoofed" calls from other companies to determine whether calls "could have come from any number of other companies." *Nickson*, 2023 WL 4932879, at *4; *Worsham v. Direct Energy Services, LLC*, No. CV SAG-20-00193, 2021 WL 948819, at *3 (D. Md. Mar. 12, 2021), *aff'd*, No. 21-1677, 2022 WL 1261998 (4th Cir. Apr. 28, 2022) (explaining that "[t]he Court has no way of discerning whether these sixteen calls had anything to do with [defendant] as opposed to another company like Discount Power that is similarly alleged, elsewhere, to have contacted Worsham.").

Plaintiff has filed at least 59 TCPA federal lawsuits throughout the country. Many of those

lawsuits allege "spoofed" calls that occurred in 2022. *See Pinn v. Consumer Credit Counseling Foundation, Inc. et al.*, Case No. 4:22-cv-04048-DMR (N.D. Cal. July 11, 2022) (D.E. 1 ¶ 30); *Pinn v. Global Exchange Vacation Club et al.*, Case No. 8:22-cv-01943-CJC-KES (C.D. Cal. Oct. 24, 2022) (D.E. 1 ¶ 34). In *Pinn v. Consumer Credit Counseling Foundation, Inc. et al.*, Plaintiff alleged that, in 2022, she received a telemarketing call from "Credit Associates" who "asked about Pinn's financial situation" and transferred the call to the defendant Consumer Credit Counseling Foundation, Inc. *Pinn v. Consumer Credit Counseling Foundation, Inc. et al.*, Case No. 4:22-cv-04048-DMR (N.D. Cal. July 11, 2022) (D.E. 1 ¶¶ 31-32). That lawsuit links the "Credit Associates" caller with a completely different entity than Defendant ClearOne. Therefore, Plaintiff's Complaint here that alleges "Defendant ClearOne uses aliases like 'Credit Associates' at the outset of illegal calls so as to conceal its true identity" is entirely speculative and contradicted completely by Plaintiff's filing in *Pinn v. Consumer Credit Counseling Foundation, Inc. et al. See* Compl. ¶ 41.

Further, Plaintiff's Complaint in this case claims that the alleged "spoofed" numbers used by Defendant ClearOne are connected to different companies and persons and backed up by Plaintiff's counsel's alleged access of a "dip" from a "Caller ID database of the calling carrier" almost four years later, just like in *Nickson*. 2023 WL 4932879, at *4 ("Nickson has alleged in other cases filed in this court that he received numerous spam calls from other companies" and that "by the time he filed the complaint in this case, one of the 'spoofed' numbers he attributes to [defendant] was being used by an entirely different company."); Compl. ¶¶ 43-48. Therefore, Plaintiff's own complaints in other TCPA lawsuits as well as her own allegations of other companies and persons using the alleged "spoofed" phone numbers establish that the "Credit Associates" calls could have come from any number of other companies.

14

Therefore, Plaintiff has failed to allege Defendant ClearOne had direct liability or vicarious liability for the alleged actions of the purported "Credit Associates" callers. Plaintiff fails to plead more than mere speculations and conclusions to survive a motion to dismiss, and this Court should dismiss Plaintiff's claims with prejudice. *Iqbal*, 556 U.S. at 679.

## V.    **CONCLUSION**

Plaintiff's Complaint has two fatal flaws requiring dismissal of her claims under the TCPA against ClearOne: (1) there are no allegations to support that Defendant ClearOne made any of the alleged violative calls by "Credit Associates" agents to Plaintiff; and (2) Defendant ClearOne has evidence of Plaintiff's consent to receive calls from ClearOne. Therefore, this Court should dismiss Plaintiff's Complaint with prejudice for failure to state a claim.

Date: July 21, 2026                    Respectfully submitted,

By: */s/Jeffrey Gilbert*
**JEFFREY GILBERT (Pro Hac Vice)**
Florida Bar No. 375411
Jeffrey.Gilbert@gmlaw.com
Melissa.Fernandez@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL  33131
Direct Phone Number: 305-789-2761

**NICOLE LIPINSKI**
Maryland Bar Id. 0106200158
Nicole.Lipinski@gmlaw.com
**GREENSPOON MARDER LLP**
201 International Circle, Suite 230
Hunt Valley, MD 21030
Direct Phone Number: (888) 491-1120

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument will be served by electronic transmission to all registered ECF users appearing in this case on the 21st day of July 2026.

By: */s/ Jeffrey Gilbert*
    Jeffrey Gilbert (Pro Hac Vice)
    Florida Bar No. 375411