**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

KELLY BLAND, individually and on
behalf of all other similarly situated,

        Plaintiff,                      Case No.: 1:26-cv-01375-MJM

        v.

CLEARONE ADVANTAGE LLC,

        Defendant.

_____/

**DECLARATION OF GINA STORDAHL IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to 28 U.S.C. § 1746, I, Gina Stordahl, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief:

1.     I am the Director of Program Management of ClearOne Advantage, LLC ("ClearOne") and make this declaration in that capacity. I have personal knowledge of the matters stated herein. I am over the age of 18, and I am competent to testify to these matters and would do so, if called.

2.     ClearOne is a Delaware limited liability company.

3.     Plaintiff alleges in her Complaint that she received "at least four calls from ClearOne" from caller IDs (615) 352-0981, (707) 371-6915, (727) 408-0261, and (512) 886-5187. Compl. ¶¶ 33-36.

4.     ClearOne keeps records of outgoing calls it places and incoming calls it receives.

5.     ClearOne has not placed outgoing calls to Plaintiff Kelly Bland's phone number

1

(817) 903-XXXX[1] using caller IDs (615) 352-0981, (707) 371-6915, (727) 408-0261, and (512) 886-5187.

6. ClearOne does not own or use caller IDs (615) 352-0981, (707) 371-6915, (727) 408-0261, and (512) 886-5187.

7. Plaintiff also alleges in her Complaint that on a call on June 9, 2022 with caller ID (512) 886-5187, she "spoke with an individual who stated that her name is 'Laura O'Rourke' with Defendant ClearOne, who further sold the Plaintiff on ClearOne's debt relief services." *Id.* ¶ 37.

8. ClearOne did not initiate any call to Plaintiff from caller ID (512) 886-5187 on June 9, 2022.

9. On June 9, 2022, ClearOne received a call from caller ID (512) 886-5187.

10. ClearOne is in possession of an audio recording of that incoming call.

11. Laura O'Rourke, an agent of ClearOne, answered the phone call, stated her name and that she works for ClearOne, and asked how she could help the caller, later to be identified as Plaintiff Bland. Plaintiff told Ms. O'Rourke that Plaintiff was transferred to Ms. O'Rourke about debt relief. Ms. O'Rourke asked whether Plaintiff already had filled out a request online or if she knew who had transferred Plaintiff over to her. Plaintiff responded with "no" and asked Ms. O'Rourke to take down Plaintiff's number to call her back because she was about to enter an elevator.

12. Following Plaintiff's express request for a call back and to take down her phone number, Ms. O'Rourke asked Plaintiff for her first and last name, her callback number, and the state she lives in. Plaintiff provided her first name "Kelly," last name "Pinn," her callback phone

---

[1] To preserve Plaintiff's privacy, the last four digits of Plaintiff's phone number are replaced with "X"s.

number (817) 903-XXXX, and the state is lives in as "Texas."

13.     The callback phone number Plaintiff provided is the same phone number Plaintiff claims received phone calls from ClearOne in this lawsuit.

14.     After receiving her consent to call her back, Ms. O'Rourke stated on the call that she would call Plaintiff back in a minute and that the call Plaintiff would receive would be from a Maryland number.

15.     Upon Plaintiff's request, Ms. O'Rourke called Plaintiff back on June 9, 2022 and June 10, 2022, following up on the last call with Plaintiff.

16.     ClearOne had the express consent of Plaintiff to initiate a call and ClearOne relied on this consent to call Plaintiff.

Executed on this 21st day of July, 2026.

DocuSigned by:

*Gina Stordahl*

A0452439F60D405...

Gina Stordahl