**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

KELLY BLAND, individually and on behalf of all other similarly situated,

Plaintiff, Case No.: 1:26-cv-01375-MJM

v.

CLEARONE ADVANTAGE LLC,

Defendant.
_______________________________________/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Defendant ClearOne Advantage LLC ("ClearOne") through undersigned counsel and pursuant to Fed. R. Civ. P. 7(b) and 12(b), et seq. and District of Maryland Local Rule 105(1), replies in support of its Motion to Dismiss (D.E. 13-1) the claims in Plaintiff Kelly Bland's ("Bland") Class Action Complaint for failure to state claims upon which relief can be granted.

## REPLY MEMORANDUM OF LAW

### I. INTRODUCTION

Prolific Plaintiff Bland's Memorandum of Law in Opposition to Clear One's Motion to Dismiss (the "Opposition") (D.E. 15) does not relieve Plaintiff of the burden to allege, with factual support, the connection between Defendant ClearOne and the "Credit Associates" caller. The only allegation that Plaintiff ties to Defendant ClearOne is that on one call, Plaintiff was transferred to a representative of ClearOne. Because of this sole transfer, Plaintiff claims that she properly has alleged ClearOne's vicarious liability for all the alleged calls. But Plaintiff fails to allege actual authority, apparent authority, or ratification to establish a factual principal and agent relationship between Defendant ClearOne and the "Credit Associates" caller. And Plaintiff undercuts her own

factual position by making the exact same allegations about "Credit Associates" in another lawsuit against a *different defendant. See Pinn v. Consumer Credit Counseling Foundation, Inc. et al.*, Case No. 4:22-cv-04048-DMR (N.D. Cal. July 11, 2022) (D.E. 1 ¶ 30) (claiming Consumer Credit Counseling Foundation, Inc., used "Credit Associates" as its "name" when making allegedly violative calls in 2022). As for any calls allegedly made by Defendant Clear One itself, ClearOne submitted a Declaration to establish its absolute defense of consent. Therefore, Plaintiff fails to establish any violative calls by Defendant ClearOne under the TCPA, and her claims must be dismissed with prejudice for failing to state a claim.

## II. BACKGROUND

This prolific Plaintiff has filed more than 59 TCPA cases in federal courts throughout the United States. Plaintiff alleges herein, in conclusory fashion, that she received "at least four calls from ClearOne," but the Complaint fails plausibly to connect the alleged calls to ClearOne. Compl. ¶ 32. The first two alleged calls from different caller IDs, on April 11 and April 13, 2022, were purportedly initiated by callers from "Credit Associates" regarding "debt relief services." Compl. ¶ 32. The Complaint notably lacks any factual allegations that the "Credit Associates" callers were calling on ClearOne's behalf. *Id.* The third alleged call from another caller ID, on April 19, 2022, similarly contains no factual allegations linking the "Credit Associates" caller to ClearOne. *Id.* ¶ 34.

Almost two months later, on June 9, 2022, Plaintiff states she received a fourth alleged call from a different caller ID and spoke to a "Credit Associates" caller regarding "debt relief services." *Id.* ¶ 36. The next paragraph jumps to the allegation that "[d]uring the call, the Plaintiff spoke with an individual who stated that her name is 'Laura O'Rourke' with Defendant ClearOne, who further sold the Plaintiff on ClearOne's debt relief services." *Id.* ¶ 37.

However, ClearOne's supporting Declaration to its Motion to Dismiss establishes that Plaintiff initiated the call to ClearOne, ClearOne was unaware of how Plaintiff contacted ClearOne, and Plaintiff requested a callback and provided her express consent to be contacted by ClearOne. ClearOne subsequently returned Plaintiff's call at her request and with her express consent, an absolute bar to TCPA liability. Stordahl Dec. ¶¶ 7-16. Accordingly, the Complaint fails to allege plausibly that ClearOne initiated or had agency over the "Credit Associates" calls, and affirmatively demonstrates that the June 9 and 10, 2022 calls were made with Plaintiff's express consent.

## III. ARGUMENT

### A. Plaintiff Fails to Tie the "Credit Associates" Calls to Defendant ClearOne.

Plaintiff's Opposition reiterates conclusions, not facts, to bridge the gap between the "Credit Associates" callers and Defendant ClearOne. The Complaint alleges that Plaintiff received calls in 2022 from different caller IDs, with no factual allegations to support that the callers (1) identified themselves as working for or calling on behalf of ClearOne, (2) referenced ClearOne in the call, (3) used ClearOne phone numbers, (4) solely offered ClearOne's goods or services, or (5) had permission to offer or negotiate any goods or services on behalf of ClearOne.

Without these sorts of factual allegations, Plaintiff cannot satisfy its burden to allege plausibly a TCPA claim against Defendant ClearOne. *See Nickson v. Advanced Mktg. & Processing, Inc.*, No. CV DLB-22-2203, 2023 WL 4932879, at *4 (D. Md. Aug. 2, 2023) (finding plaintiff failed to allege factually that anyone he spoke to during these calls stated that they worked for defendant); *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 551 (D. Md. 2022) (analyzing whether the complaint's allegations establish defendant's "ability to control the third party's telemarketing methods."); *Hossfeld v. Gov't Emples. Ins. Co.*, 88 F. Supp. 3d 504, 507 (D. Md. 2015) (analyzing whether the complaint's allegations explained how the defendant and

telemarketer have policies for transferred calls and that defendant had control over the telemarketer); *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 980 (D. Md. 2019) (quoting *Thomas v. Taco Bell Corp.*, 879 F.Supp.2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F.App'x 678 (9th Cir. 2014)) (looking to whether a principal 'controlled or had the right to control [an agent] and, more specifically, the manner and means of the text message campaign they conducted.'").

Plaintiff argues that whether an agency relationship exists between ClearOne and the "Credit Associates" callers is a factual question to be resolved through discovery. However, this point completely overlooks that it is Plaintiff's burden to plead its allegations with sufficient facts. Instead of fulfilling that burden, Plaintiff alleges generically that the calls were about "debt relief services" and does not elaborate on the contents of the alleged call she had with the "Credit Associates" callers. There are no other details about what type of "debt relief services" the "Credit Associates" callers offered, for what duration, for how long, or for what price.

Further, Plaintiff asks the Court to infer that because Plaintiff allegedly was transferred by the "Credit Associates" caller to a representative of ClearOne, Ms. O'Rourke, that ClearOne was responsible for the calls initiated by the "Credit Associates" callers. That conclusion is insufficient on its face to establish vicarious liability, and courts have dismissed similar conclusory allegations in complaints. *See Nickson*, 2023 WL 4932879, at *4 (explaining that conclusory statements that the callers were "[d]efendant's representative[s]" are not sufficient to allege the defendant made the calls); *Worsham v. Direct Energy Servs., LLC*, No. SAG-20-193, 2021 WL 948819, at *3 (D. Md. Mar. 12, 2021) (explaining that conclusory statements that "offer[] nothing but unbridled speculation" as to the caller's identity are not enough); *Clemons v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-1050, 2020 WL 4193997, at *4 (C.D. Ill. July 21, 2020) (dismissing TCPA claim

for failure to allege facts supporting actual authority) (collecting cases); *Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443 (9th Cir. 2018) (finding telemarketer did not have actual authority to place violative TCPA calls). And Plaintiff's Opposition tries to make up for its lack of factual allegations against ClearOne by claiming the "Credit Associates" calls shared a "common subject matter, script, or identifying alias" and therefore can all be tied together with ClearOne at the end. Plaintiff cites to *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 743 (N.D. Ill. 2014) to assert that Plaintiff has alleged properly an inference that the "Credit Associates" callers are linked to ClearOne. In *Toney*, the Court reviewed the factual details of the complaint and found that the plaintiff factually alleged in detail "a telemarketing agreement" between the two defendants that authorized and assented defendants to make calls, enter into contracts, control the manner and means of the telemarketing and what was promoted, promote "verbatim" pitches, provide contact information, and impose guidelines of how to handle sensitive personal information. *Id.* at 742-43.

Yet, Plaintiff here completely fails to allege factual allegations even remotely close to the complaint in *Toney*. As mentioned before, Plaintiff does not link factually the "Credit Associates" calls to ClearOne. Nowhere in the Complaint does Plaintiff allege the "Credit Associates" callers offered ClearOne's services specifically and that in the transferred call to Ms. O'Rourke, Ms. O'Rourke had the same "script" or used the same "identifying alias" as the "Credit Associates" callers. Therefore, ClearOne's ties to the "Credit Associates" callers is based purely on Plaintiff's conclusory allegations with apparent, glaring factual gaps.

Further, Plaintiff's argument that ClearOne failed to object or repudiate the "Credit Associates" calls does not mean that ClearOne ratified the alleged "Credit Associates" calls. According to *Hodgin v. UTC Fire & Sec. Americas Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018), which Plaintiff also relies on in its Opposition, "a party is not bound by a ratification made without

knowledge of material facts involved in the original act when the [party] was unaware of such lack of knowledge." The Fourth Circuit found that Plaintiff's argument at a summary judgment stage that defendants failed to repudiate telemarketers' practices when they learned that they "used prerecorded messages and call[ed] numbers on the [DNC]" and "encouraged the purported misconduct by rewarding the telemarketers" was "speculative." *Id.* at 252. Plaintiff has no allegations in its Complaint supporting that any sort of ratification by ClearOne, including no facts alleging that an agreement or purchase and sale was made. Therefore, Plaintiff's Complaint on its face fails to establish ClearOne's liability for the alleged calls.

### B. The Court May Consider ClearOne's Declaration to Establish the Affirmative Defense of Consent, Which Completely Bars TCPA Claims.

Looking at Plaintiff's Complaint, the allegations fail on their own, as addressed above. Notwithstanding Plaintiff's bare allegations, ClearOne attached a Declaration of Clear One's Director of Program Management, Gina Stordahl, to establish its affirmative defense of consent, which is an absolute bar to Plaintiff's TCPA claim. *See* 47 U.S.C. § 227(b)(1)(A) and (B). Courts have considered affirmative defenses to resolve a motion to dismiss a TCPA claim. *See Boone's Pharmacy, Inc. v. EzriRx, LLC*, 684 F. Supp. 3d 1207, 1212 (S.D. Ala. 2023) (citing *Scott v. Merchants Ass'n Collection Division, Inc.*, 2012 WL 4896175, at *2 (S.D. Fla. Oct. 15, 2012)) ("[A]n "affirmative defense . . . may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action."); *see generally Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274-75 (11th Cir. 2004).

Here, the fourth call was placed directly at issue and referred to by Plaintiff's Complaint. The Declaration follows and mirrors Plaintiff's allegations and establishes that (1) Defendant did not place any of the alleged "Credit Associates" calls to Plaintiff and (2) Plaintiff expressly

consented to the June 9 and 10, 2022 calls and requested a callback. Ms. Stordahl, in her Declaration, established that ClearOne did not place or use the phone numbers associated with the "Credit Associates" callers. Stordahl Dec. ¶¶ 5-6. Ms. Stordahl fills in the missing facts that the prolific Plaintiff kept out of her Complaint: Plaintiff initiated a call with ClearOne, which ClearOne has a recording of, where ClearOne's agent Ms. O'Rourke was unaware of how Plaintiff was connected to ClearOne. Stordahl Dec. ¶ 11. Plaintiff expressly requested Ms. O'Rourke to call her back and in return provided her with personal contact information, which Ms. O'Rourke did not make an impression to Plaintiff that she already had this information. Stordahl Dec. ¶ 11-13. Because of this request, Defendant ClearOne had the express consent of Plaintiff to initiate a call and Defendant ClearOne relied on this consent to call Plaintiff back, thereby preventing Plaintiff's TCPA claim for the following two calls. Stordahl Dec. ¶ 16.

Even if the Court were to set the Declaration aside at this point, dismissal remains appropriate because the Complaint does not allege facts plausibly connecting the first three calls to ClearOne and, as to the June 9 and 10 calls, pleads only that Ms. O'Rourke identified herself as working with ClearOne and followed up.

**C. Plaintiff's Prior Pleadings in Prior Lawsuits and its Caller ID Allegations Further Undermine the Plausibility of Plaintiff's Allegations.**

Plaintiff, a prolific TCA filer of more than 59 TCPA federal lawsuits throughout the country,[1] has already alleged in a separate 2022 lawsuit that a different defendant was linked to a debt-relief call made by a "Credit Associates" caller, and sued that defendant based on that call. *See Pinn v. Consumer Credit Counseling Foundation, Inc. et al.*, Case No. 4:22-cv-04048-DMR

[1] Plaintiff, a notorious prolific TCPA plaintiff, has since changed her name from "Kelly Pinn" to "Kelly Bland." *See Pinn v. Quintessa LLC et al.*, 3:24-CV-3090-B, at pg. 1 fn. 1 (D.E. 42) (N.D. Tex. Aug. 1, 2025). Plaintiff has filed approximately 26 TCPA federal actions under her previous name Kelly Pinn, and Plaintiff has filed approximately 33 TCPA federal actions, including this action, under her amended name Kelly Bland.

(N.D. Cal. July 11, 2022) (D.E. 1 ¶¶ 30-32) (alleging in 2022, Plaintiff received a telemarketing call from "Credit Associates" who "asked about Pinn's financial situation" and transferred the call to the defendant Consumer Credit Counseling Foundation, Inc.). Plaintiff has also claimed to receive "spoofed" calls from multiple callers in 2022. *See also Pinn v. Global Exchange Vacation Club et al.*, Case No. 8:22-cv-01943-CJC-KES (C.D. Cal. Oct. 24, 2022) (D.E. 1 ¶ 34) (explaining Plaintiff received a spoofed call, "on information and belief" from Global Exchange Vacation Club on or about March 30, 2022).

Comparing Plaintiff's litigation history, Plaintiff has alleged to received "spoofed" calls here that "could have come from any number of other companies." *Nickson*, 2023 WL 4932879, at *4; *Worsham v. Direct Energy Services, LLC*, No. CV SAG-20-00193, 2021 WL 948819, at *3 (D. Md. Mar. 12, 2021), *aff'd*, No. 21-1677, 2022 WL 1261998 (4th Cir. Apr. 28, 2022) (explaining that "[t]he Court has no way of discerning whether these sixteen calls had anything to do with [defendant] as opposed to another company like Discount Power that is similarly alleged, elsewhere, to have contacted Worsham.").

Notwithstanding her prolific filings, Plaintiff asks the Court to infer "upon information and belief" a shared agency between ClearOne and "Credit Associates" from a generic alias Plaintiff has already linked to other nonparties around the same time period. *See* Compl. ¶¶ 41, 45 ("*Upon information and belief*, Defendant ClearOne uses aliases like 'Credit Associates'" to "conceal its true identity" and "appears to have spoofed the numbers.") (emphasis added). This is precisely why Plaintiff's Complaint fails because there are no facts supporting these calls came from ClearOne or from any other company. And Plaintiff's argument that she can proceed with

alternative theories[2] undermines her own Complaints filed in federal courts because it highlights that Plaintiff's allegations are based merely on information and belief.

Further, Plaintiff's Complaint claims that the alleged "spoofed" numbers were connected to different companies and persons and backed up by Plaintiff's counsel's alleged access of a "dip" from a "Caller ID database of the calling carrier" almost *four years later*, just like in *Nickson*. 2023 WL 4932879, at *4 ("Nickson has alleged in other cases filed in this court that he received numerous spam calls from other companies" and that "by the time he filed the complaint in this case, one of the 'spoofed' numbers he attributes to [defendant] was being used by an entirely different company."); Compl. ¶¶ 43-48. Therefore, Plaintiff's own complaints filed in other TCPA lawsuits, as well as her own allegations of other companies and persons using alleged "spoofed" phone numbers, establish that the "Credit Associates" calls could have come from any number of other companies. Plaintiff's interferences alone do not state a cause of action against ClearOne specifically.

## IV. <u>CONCLUSION</u>

Plaintiff's Complaint fails to allege plausibly her TCPA claims against Defendant ClearOne because (1) there are no factual allegations to support that Defendant ClearOne made any of the alleged violative calls by "Credit Associates" agents to Plaintiff, and (2) Defendant ClearOne has established Plaintiff's express consent to receive calls from ClearOne. Therefore, this Court should dismiss Plaintiff's Complaint with prejudice for failure to state a claim.

---

[2] Plaintiff cites to Federal Rule of Civil Procedure 8(d)(2)-(3) to argue that the contradictory allegations about the "Credit Associates" callers and who they call on behalf of can be pled alternatively or hypothetically. However, this section applies to a single complaint, not two or more different complaints in different courts with inconsistent conclusory statements, which courts can judicially notice. *See* Fed. R. Civ. P. 201(b).

Date: August 18, 2026

Respectfully submitted,

By: */s/Jeffrey Gilbert*
**JEFFREY GILBERT (Pro Hac Vice)**
Florida Bar No. 375411
jeffrey.gilbert@gmlaw.com
melissa.fernandez@gmlaw.com
**GREENSPOON MARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Direct Phone Number: 305-789-2761

**NICOLE LIPINSKI**
Maryland Bar Id. 0106200158
Nicole.Lipinski@gmlaw.com
**GREENSPOON MARDER LLP**
201 International Circle, Suite 230
Hunt Valley, MD 21030
Direct Phone Number: (888) 491-1120